**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In Re:<br><br>**OSCAR T. DAUGHTRY, JR.**<br><br>**Debtor.** | Chapter 7<br><br>Case No. 14-34521-KLP |

**OBJECTION TO MOTION TO REOPEN BANKRUPTCY**

**COMES NOW** Branch Banking and Trust Company ("BB&T") and files this objection (the "Objection") to the *Motion to Reopen Bankruptcy Case* (the "Motion to Reopen") [Docket No. 20] filed by the debtor (the "Debtor") and in support of the Objection states as follows:

**BACKGROUND**

On or about May 26, 2006, the Debtor entered into a retail note (the "Note") with BB&T, pursuant to which the Debtor borrowed the principal amount of $110,162.00. Concurrently therewith, the Debtor executed a deed of trust (the "DOT") in favor of BB&T, assigning his interest in certain residential real property commonly known as 3703 Spring Road, Hopewell, VA 23860, Tax ID# 220-0020 (the "Property") as security for the repayment of the Note. BB&T is the owner and holder of the Note and the DOT. True and correct copies of the Note and the DOT are attached hereto as **Exhibits A and B** respectively.

Debtor filed a voluntary petition (the "Chapter 7 Case") for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on August 21, 2014, listing on his

_____

Jonathan L. Hauser (VSB No. 18688)
Troutman Sanders LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462
(757) 687-7768
(757) 687-1505 (facsimile)
E-mail: jonathan.hauser@troutmansanders.com

*Counsel for Branch Banking and Trust Company*

*Schedule F – Creditors holding Unsecured Nonpriority Claims* an undisputed, noncontingent, liquidated debt to "BB&T Mortgage" in the amount of $66,876.33. [Docket No. 1, p. 17]. The debtor received a discharge on December 8, 2014 [Docket No. 17] and the Chapter 7 Case was closed on December 15, 2014. [Docket No. 19].

On February 25, 2016, BB&T filed a *Complaint to Quiet Title* (the "Quiet Title Complaint") in the Circuit Court of the City of Hopewell (the "Circuit Court"), Case No. CL2016-105. A true and correct copy of the Quiet Title Complaint with associated paperwork is attached hereto as **Exhibit C**. The Quiet Title Complaint asserts three (3) counts: Count I (Quiet title – Reformation of Deed of Trust), Count II (Declaratory Judgment); and Count III (Equitable Lien). Notably, the Quiet Title Complaint does not include a count for judgment or any deficiency related to the Debtor's obligations arising under the Note.

On March 24, 2016, the Debtor filed his Motion to Reopen, asserting broadly that BB&T had violated the discharge injunction by "sending collection notices, commencing foreclosure proceedings and even filing suit in the Circuit Court . . . ." [Docket No. 20, ¶ 6].

## RELIEF REQUESTED

BB&T, through this Objection, requests this Court deny the Motion to Reopen because the relief requested in the Quiet Title Complaint is not violative of the discharge injunction and therefore reopening the Chapter 7 Case would be futile.[1]

## BASIS FOR RELIEF REQUESTED

Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 5010 provides that "[a] case may be reopened on motion of the debtor . . . pursuant to § 350(b) of the Code." Fed. R. Bankr. P. 5010. Section 350(b) in turn provides that "[a] case may be reopened in the court in which

---

[1] Of course, commencing foreclosure is not a violation of the Discharge Injunction and BB&T is unaware of any other communications with the Debtor.

2

such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

In this case, the Debtor does not cite to Section 350, Bankruptcy Rule 5010, or otherwise state the statutory basis for his Motion to Reopen, relying only on Section 524 of the Bankruptcy Code, which establishes the parameters of the discharge under the Bankruptcy Code. Section 524 provides in relevant part that

> (a) A discharge in a case under this title
> * * * *
>   (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . .

11 U.S.C. § 524(a)(2).

Because the Quiet Title Complaint is not an action to recover any debt as "a personal liability" of the Debtor, but instead is an *in rem* action against property, it is not a violation of the discharge injunction and therefore the Chapter 7 Case should not be reopened to allow the Debtor to pursue a futile and meritless claim.

A.      **The Debtor Bears the Burden of Proof on the Motion to Reopen**

The Debtor, as the movant seeking the relief requested, bears the burden of establishing cause under Section 350. "The moving party . . . has the burden to demonstrate that there is a sufficient legal basis to reopen the case." *In re Hardy*, 209 B.R. 371 (Bankr. E.D. Va. 1997). *See also*, *In re Parson*, Case No. 01-73786-SCS, 2007 Bankr. LEXIS 3810, *21 (Bankr. E.D. Va. Nov. 6, 2007) ("The moving party . . . has the burden to demonstrate that there is a sufficient legal basis to reopen the case."). However, the Debtor has not carried this burden, making only conclusory allegations that the Quiet Title Complaint violates discharge injunction without providing factual or legal support for why the Chapter 7 Case should be reopened. Compounding

3

the problems caused by the deficiencies in the Motion to Reopen, even if it had been well-pleaded, it should be denied for the reasons that follow.

**B.    The Post-Discharge Quiet Title Complaint Does Not Violate the Discharge Injunction**

The Chapter 7 discharge relieved the Debtor of his *personal* responsibility arising under the Note, but it did not eliminate the lien held by BB&T as to the Property.  *In re Tittle*, 346 B.R. 684, 688 (Bankr. E.D. Va. 2006) ("[T]he liens [creditor] held before the chapter 7 case and that were not avoided, remain liens against her properties, unaffected by the chapter 7 discharge.").

Because BB&T's lien was not avoided by the discharge in the Chapter 7 Case, that lien survived the Chapter 7 discharge and any action taken to enforce it is not in violation of Section 524.  *See Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*."); *Martinez v. Olague (In re Martinez)*, Case No. CC-11-1099-DKiPa, 2011 Bankr. LEXIS 4833 (B.A.P. 9th Cir. Oct. 11, 2011) (finding that an action to foreclose on property is not a violation of the discharge injunction); *Johnson v. Williams (In re Williams)*, 490 B.R. 236, 240 (Bankr. W.D. Ky. 2013) ("As a matter of law, the discharge injunction simply prohibits future enforcement of the [d]ebtor's discharged personal liability. The Bank, however, was entitled to record the mortgage after the case was closed and may proceed against the property in an *in rem* foreclosure action.").

Under Virginia law, a quiet title action is an *in rem* proceeding.  *Jones v. Priest*, 79 Va. Cir. 39, 41 (2009).  The Property is no longer property of the estate, and the Quiet Title Complaint does not seek *in personam* relief against the Debtor.

4

The Court in *Waters v. JPMorgan Chase Bank, N.A. (In re Waters)*, Case No. 6:13-ap-00070-KSJ, 2013 Bankr. LEXIS 3380 (Bankr. M.D. Fl. August 20, 2013) rejected the debtors' request in that case for an injunction against a quiet title action. The creditor had brought suit in state court to reform a mortgage instrument that incorrectly described the property. The Court noted that the discharge injunction only applied to actions seeking *in personam* relief. Under Florida law, a quiet title action is a proceeding against the property. Moreover, the court noted that the "true focal point" of the state court action of the creditor was the property, and that the debtors had admitted the debt in their bankruptcy schedules. The Court found that bringing the quiet title action did not violate the discharge injunction, and dismissed the debtors' adversary proceeding.

In this case the Quiet Title Complaint is focused on the Property.[2] As a result, the Quiet Title Complaint is not a violation of the discharge injunction.

**C.**    **The Chapter 7 Case Should Not Be Reopened to Pursue a Meritless Claim**

Because the Quiet Title Complaint does not violate the discharge injunction, no purpose would be served by reopening the Chapter 7 Case and the Motion to Reopen should therefore be denied. "[T]he court should not reopen a bankruptcy case where it appears that to do so would be futile and a waste of judicial resources." *In re Carberry*, 186 B.R. 401, 402 (Bankr. E.D. Va. 1995). *See also In re Jenkins*, 330 B.R. 625, 628 (Bankr. E.D. Tenn. 2005) ("[C]ourts do not reopen cases if doing so would be futile."); *In re Springer*, Case No. AZ-11-1444-JuPaD, 2012 Bankr. LEXIS 1031, 9-10 (B.A.P. 9th Cir. Mar. 9, 2012) ("A bankruptcy court may properly deny a motion to reopen where the chance of any substantial recovery for creditors appears too remote to make the effort worth the risk.") (quotations omitted).

---

[2] Notably, the Debtor admitted the debt on his schedule as well. [Docket No. 1, p. 17].

As such, no bankruptcy purpose would be served by reopening the Chapter 7 Case. *In re Gonzales*, 512 B.R. 255, 257 (Bankr. C.D. Cal. 2014) (reopening Chapter 7 case only to find that quiet title action was *in rem* relief, denying contempt and re-closing the case).

## CONCLUSION

Because the Quiet Title Complaint seeks *in rem* relief as to the Property (and not *in personam* relief against the Debtor), the Chapter 7 Case cannot be reopened on that basis. As a result, the Motion to Reopen is meritless and should be denied.

WHEREFORE, BB&T respectfully requests that the Court enter an Order denying the Debtor's Motion to Reopen Bankruptcy Case; and granting such other and further relief as the Court deems just and proper.

Dated: April 27, 2016                                        Respectfully Submitted,

**BRANCH BANKING AND TRUST COMPANY**

By /s/ *Jonathan L. Hauser*
Jonathan L. Hauser
VSB No. 18688
*Attorney for Branch Banking and Trust Company and BB&T Equipment Finance Corporation*
Troutman Sanders LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462
(757) 687-7768
(757) 687-1505 (facsimile)
jonathan.hauser@troutmansanders.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of April, 2016, I caused a copy of the foregoing to be served on all parties who receive notice in this case pursuant to the Court's CM/ECF system and upon the following by first class mail:

**Debtor's Counsel:**
**Hunter R. Wells**
Canfield, Baer & Heller, LLP
Post Office Box 1324
Hopewell, VA 23860

/s/ *Jonathan L. Hauser*
Jonathan L. Hauser

28281808